IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 6, 2013

**MICHAEL L. MCKILLIP v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 03-02961     Chris B. Craft, Judge**

**No. W2013-00507-CCA-R3-PC  - Filed November 13, 2013**

Proceeding pro se, the Petitioner, Michael L. McKillip, appeals the post-conviction court's denial of his motion to reopen his petition for post-conviction relief. Because the Petitioner did not comply with the requirements in Tennessee Code Annotated section 40-30-117(c) and Tennessee Supreme Court Rule 28, section 10(B), this court is without jurisdiction in this case. Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Michael L. McKillip, Pikeville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Amy P. Weirich, District Attorney General; and Reginald Henderson, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The Petitioner was charged with several sexual offenses, including rape of a child, which stemmed from an alleged ongoing sexual relationship with his minor daughter. See Michael L. McKillip v. Jim Morrow, No. E2007-01225-CCA-R3-HC, 2007 WL 4530228, at *1 (Tenn. Crim. App. Dec. 21, 2007) (affirming the summary dismissal of the petition for writ of habeas corpus because it failed to state a cognizable claim). On November 25, 2003, the Petitioner entered a guilty plea to the offense of aggravated sexual battery in exchange for a Range II sentence of fifteen years to be served at 100 percent as a violent offender.

On November 23, 2004, the Petitioner filed a timely petition for post-conviction relief, asserting that his conviction was involuntary and unknowing, that the prosecutor had failed to disclose evidence favorable to him, that he was denied effective assistance of counsel, that he was denied a sex offender evaluation pursuant to Code section 39-13-705, and that he was denied the right to counsel prior to his extradition. He was appointed counsel, who filed an amended post-conviction petition alleging that trial counsel was ineffective in failing to properly investigate a possible defense based on a mental defect and in failing to present medical records from his court-ordered therapy sessions. On August 4, 2005, the post-conviction court entered an order dismissing the post-conviction petition with prejudice by consent of the Petitioner, stating that the "[P]etitioner, after being voir dired [sic] in open court by his appointed attorney and this Court, has freely and voluntarily requested that his petition be dismissed as withdrawn, understanding that by doing so he is waiving any right he may have to contest the validity of his conviction in the future."

Despite entry of this order of dismissal, on June 6, 2012, the Petitioner filed a pro se motion to reopen his post-conviction proceeding on the ground that his guilty plea was not knowingly and voluntarily entered because trial counsel failed to explain the consequences of his plea and failed to properly investigate his case and because his sentence violated Blakely v. Washington, 542 U.S. 296 (2004) [I, 14-19]. On June 11, 2012, the post-conviction court summarily dismissed the motion because the grounds alleged did not satisfy the statutory criteria set forth in Tennessee Code Annotated section 40-30-117 for reopening a post-conviction petition and because the grounds were waived because they were not presented in any prior post-conviction petition and were raised outside the one-year statute of limitations. Following this summary dismissal, the Petitioner failed to file an application for permission to appeal with this court.

On December 12, 2012, the Petitioner filed a second pro se motion to reopen his post-conviction petition on the ground that the United States Supreme Court's decisions in Missouri v. Frye, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, 132 S. Ct. 1376 (2012), created a new constitutional right requiring retroactive application pursuant to Code section 40-30-117(a)(1). Specifically, the Petitioner argued that he had received ineffective assistance from trial counsel during the plea bargain stage of his case in violation of Frye and Lafler. On December 14, 2012, the post-conviction court again entered an order summarily dismissing the motion because the grounds alleged did not satisfy the statutory criteria set forth in Tennessee Code Annotated section 40-30-117 and because the grounds were waived because they were not presented in any prior post-conviction petition and were raised outside the one-year statute of limitations [I, 31-32]. On January 11, 2013, the Petitioner filed a pro se notice of appeal in the Shelby County Criminal Court.

## ANALYSIS

The Petitioner argues that the post-conviction court erred in summarily dismissing his second motion to reopen his post-conviction petition. He claims that Frye and Lafler entitle him to reopen his post-conviction petition because they recognize a new constitutional right requiring retroactive application. In response, the State contends that the appeal should be dismissed because the Petitioner failed to comply with the procedural requirements outlined in Tennessee Code Annotated section 40-30-117(c). Alternatively, the State argues that Frye and Lafler did not announce a new constitutional right but instead applied the Sixth Amendment right to effective assistance of counsel as stated in Strickland v. Washington, 466 U.S. 668 (1984) and as extended to guilty plea challenges in Hill v. Lockhart, 474 U.S. 52 (1985). We agree that this appeal should be dismissed.

We note that the Petitioner appeared to file a notice of appeal as of right pursuant to Tennessee Rule of Appellate Procedure 3 rather than an application for permission to appeal pursuant to Tennessee Code Annotated section 40-30-117(c) and Tennessee Supreme Court Rule 28, section 10(B). Accordingly, we must first determine whether this court has jurisdiction to address this appeal. See Charles W. Elsea, Jr. v. State, No. E2012-01661-CCA-R3-PC, 2013 WL 1279178, at *2 (Tenn. Crim. App. Mar. 28, 2013), perm. app. denied (Tenn. July 10, 2013).

Tennessee Code Annotated section 40-30-117(c), which governs appeals from the denial of a motion to reopen a post-conviction proceeding, provides:

> If the motion is denied, the petitioner shall have thirty (30) days to file an application in the court of criminal appeals seeking permission to appeal. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion. The state shall have thirty (30) days to respond. The court of criminal appeals shall not grant the application unless it appears that the trial court abused its discretion in denying the motion. If it determines that the trial court did so abuse its discretion, the court of criminal appeals shall remand the matter to the trial court for further proceedings.

T.C.A. § 40-30-117(c) (amended May 27, 2011); see Tenn. Sup. Ct. R. 28, § 10(B) ("A petitioner whose motion to reopen is denied shall have thirty (30) days to seek permission to appeal by filing an application, accompanied by the order denying the motion, in the Court of Criminal Appeals.").

We note that a petitioner has no appeal as of right from the post-conviction court's denial of his motion to reopen a post-conviction proceeding. See Charles W. Elsea, Jr., 2013 WL 1279178, at *2 (citing Tenn. R. App. P. 3; Timothy Roberson v. State, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at *9 (Tenn. Crim. App. Nov. 7, 2007); Miko T. Burl v. State, No. W2005-01640-CCA-R3-PC, 2006 WL 3371395, at *1 (Tenn. Crim. App. Nov. 17, 2006)). Nevertheless, the Tennessee Supreme Court has held that a notice of appeal may be treated as an application for permission to appeal the denial of a motion to reopen if it "contain[s] sufficient substance that it may be effectively treated as an application for permission to appeal." State v. Graham, 90 S.W.3d 687, 691 (Tenn. 2002). Generally, an application for permission to appeal must include "the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review." Id. at 691 (citing as examples Tenn. R. App. P. 9(d), 10(c), and 11(b)).

Here, the Petitioner's "Notice of Appeal" document, in its entirety, stated the following:

**NOTICE OF APPEAL**

Notice is hereby given that Michael L. McKillip, Appellant in the above named, hereby appeals to the Criminal Court of Appeals from the final judgement [sic] of the Shelby County Criminal Court, at Memphis, entered in this action on the 14th day of December, 2012. The Appellant in this matter would further show that he is indigent and asks this Honorable Court to make a determination and enter an order allowing him to proceed "in forma pauperis."

Initially, we note that the Petition did not comply with the procedural requirements of Tennessee Code Annotated section 40-30-117. Although the Petitioner filed his "Notice of Appeal" document within thirty days of the post-conviction court's denial of his motion to reopen his post-conviction proceeding, he filed it in the post-conviction court rather than the court of criminal appeals. See T.C.A. § 40-30-117(c). In addition, the filed document was entitled "Notice of Appeal" rather than an application seeking permission to appeal. See id. Moreover, the Petitioner failed to attach copies of all the documents filed by both parties in the trial court and failed to attach the order denying the motion. See id. Furthermore, although the Petitioner referenced the date of the order summarily dismissing his the motion to reopen, he failed to state the issue he was seeking to raise and the reason why the appellate court should grant review. See Graham, 90 S.W.3d at 691. Consequently, the Petitioner's "Notice of Appeal" in this case must be construed as a Rule 3 appeal as of right. See Tenn. R. App. P 3(f) ("The notice of appeal shall specify the party or parties taking the appeal by

naming each one in the caption or body of the notice . . . , shall designate the judgment from which relief is sought, and shall name the court to which the appeal is taken."). Because the Petitioner failed to comply with the procedural requirements seeking review of a denial of a motion to reopen a post-conviction proceeding, this Court is without jurisdiction to consider the appeal. See Charles W. Elsea, Jr., 2013 WL 1279178, at *2 (holding that the court had no jurisdiction to address the issue on appeal because the petitioner failed to substantially comply with the procedural requirements of Tennessee Supreme Court Rule 28, section 10(B)); Corvack Shaw v. State, No. W2005-01332-CCA-R3-PC, 2006 WL 561338, *2 (Tenn. Crim. App. Mar. 7, 2006) (asserting that "[n]either the Post-Conviction Procedure Act nor the Rules of the Supreme Court permit this Court to suspend the statutory requirements for vesting jurisdiction"); Mario Gates v. State, No. W2002-02873-CCA-R3-PC, 2003 WL 23100815, at *2 (Tenn. Crim. App. Dec. 31, 2003) (reiterating that "[t]he failure of a petitioner to comply with statutory requirements governing review of a denial of a motion to reopen deprives this Court of jurisdiction to entertain such matter").

## CONCLUSION

The Petitioner's request to appeal from the post-conviction court's summary dismissal of his motion to reopen his prior post-conviction proceeding is denied, and the case is dismissed.

_____
CAMILLE R. McMULLEN, JUDGE